```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JOHN F. MAIER,

             Plaintiff,

     vs.                              Civil Action 2:14-cv-1440
                                      Judge Graham
                                      Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
```

### REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income.  This matter is now before the Court on *Plaintiff John F. Maier's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 9, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 12, and *Plaintiff John F. Maier's Reply to Defendant's Memorandum in Opposition,* Doc. No. 16.

**I.   Background**

Plaintiff John F. Maier filed his application for a period of disability and disability insurance benefits on October 18, 2010, and his application for supplemental security income on September 30, 2010, alleging that he has been disabled since May 2, 2010.  *PAGEID* 69, 215-27.  The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an

administrative law judge.

An administrative hearing was held on January 16, 2012, at which plaintiff – who appeared without representation - testified, as did Mark A. Pinti, who testified as a vocational expert. *PAGEID* 69, 87. In a decision dated April 26, 2013, the administrative law judge concluded that plaintiff was not disabled from May 2, 2010, through the date of the administrative decision. *PAGEID* 69-81. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 11, 2014. *PAGEID* 38-40.

Plaintiff was 54 years of age on the date of the administrative decision. *See PAGEID* 81, 215. Plaintiff is insured for disability insurance purposes through June 30, 2015. *PAGEID* 71. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a pizza delivery person and fast food worker. *PAGEID* 79. He has not engaged in substantial gainful activity since May 2, 2010, the alleged date of onset of disability. *PAGEID* 71.

II. **Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of an affective disorder, a panic disorder without agoraphobia, polysubstance dependence, and chronic bronchitis/chronic obstructive pulmonary disease. *Id*. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed

2

impairment and leave plaintiff with the residual functional capacity ("RFC") to

> lift no more than 50 pounds occasionally; lift/carry up to 25 pounds frequently; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead; avoid all exposure to extreme cold and heat; avoid all exposure to wetness and humidity; avoid all exposure to irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; avoid all exposure to operational control of moving machinery and unprotected heights; and perform work with no production rate or pace work.

*PAGEID* 72-74.  Although this RFC would preclude plaintiff's past relevant work as a pizza delivery person and fast food worker, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such jobs as warehouse worker, production helper, and industrial cleaner. *PAGEID* 79-80.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from May 2, 1010, through the date of the administrative decision.  *PAGEID* 79-81.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595

(6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff – who is now represented by counsel - first argues that the administrative law judge failed to adequately develop the record.  *Statement of Errors*, pp. 5-10.  Plaintiff argues that the administrative law judge had a heightened duty to develop the record because plaintiff was no representative at the administrative hearing.  *Id*.  The administrative law judge acted in breach of that duty, plaintiff argues, because she was on notice that plaintiff received state disability assistance and yet failed to

4

make further inquiry into plaintiff's testimony and failed to "obtain the actual decision or any of the supporting evidence, particularly the medical opinions, utilized by [the state agency]." *Id.*; *Plaintiff's Reply*, p. 6. Plaintiff also argues that the administrative law judge erred in failing to mention the state disability determination in her decision. *Id*.

The Commissioner argues that the administrative law judge had sufficient evidence to determine that plaintiff was not disabled. *Commissioner's Response*, p. 7. The Commissioner also argues that there "is no documentary evidence in the record substantiating Plaintiff's claim that he was receiving state disability benefits," and that such evidence would not have been binding on the Commissioner or altered the administrative law judge's decision. *Id*. at pp. 4, 6-7. The Commissioner further argues that the administrative law judge "extensively question[ed] the Plaintiff about his impairments and subjective complaints" at the administrative hearing. *Id*. at p. 8.

A claimant has the ultimate burden of producing sufficient evidence to show the existence of a disability. 20 C.F.R. §§ 404.1512(a), 416.912(a). However, an administrative law judge "has a special, heightened duty to develop the record" "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983)). In

5

order to satisfy this heightened duty, an administrative law judge must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Lashley*, 708 F.2d at 1052 (internal quotations omitted). There is no bright line rule for determining when an administrative law judge has failed to fully develop the record; "[t]he determination in each case must be made on a case by case basis." *Id*.

Plaintiff appeared at the administrative hearing without a representative and testified that he received "[s]tate disability financial assistance 115 a month." *PAGEID* 94. The administrative law judge did not make further inquiry into plaintiff's testimony that he received disability financial assistance, she did not request records relevant to the state disability determination or suggest that plaintiff request the relevant records, and she did not mention plaintiff's testimony in her decision. This Court agrees with plaintiff that the administrative law judge's failure in this regard constituted a breach of her heightened duty to develop the record.

Although it is true, as the Commissioner argues, that a finding of disability by another government agency is not binding on the Commissioner, *see* 20 C.F.R. §§ 404.1504, 416.904, an administrative law judge must nevertheless consider and articulate reasons for the amount of weight assigned to decisions by governmental and nongovernmental agencies regarding a claimant's disabled. *See Rothgeb v. Astrue*, 626 F. Supp. 2d 797, 809 (S.D. Ohio 2009); 20 C.F.R. §§

6

404.1512(b)(5), 416.912(b)(5). Plaintiff was unrepresented at the administrative hearing and it is evident from the record that he was unfamiliar with hearing procedures and did not grasp the proceedings. *See PAGEID* 90-92. In light of the requirement to consider state agency disability determinations, plaintiff's status as a *pro se* claimant, and his unfamiliarity with hearing procedures, the administrative law judge had a heightened duty to develop the record with regard to plaintiff's assertion that he had been awarded state disability financial assistance. The administrative law judge's failure to inquire into plaintiff's testimony in this regard was therefore error.

Accordingly, the Court concludes that the matter must be remanded for further development of the record regarding plaintiff's testimony that he receives state disability financial assistance. Having concluded that this action must be remanded on this basis, the Court does not address plaintiff's remaining arguments.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part

thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


March 20, 2015                               *s/Norah McCann King*
                                              Norah McCann King
                                          United States Magistrate Judge

8